```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

JOE JOHNSON,                       §
                                   §
     Plaintiff,                    §
                                   §
v.                                 §        CIVIL ACTION NO. H-11-3812
                                   §
FIRST TECHNOLOGY FEDERAL           §
CREDIT UNION d/b/a ADDISON         §
AVENUE FEDERAL CREDIT UNION;       §
and ADDISON AVENUE FEDERAL         §
CREDIT UNION,                      §
                                   §
     Defendants.                   §
```

MEMORANDUM AND ORDER

Pending is Defendants First Technology Federal Credit Union d/b/a Addison Avenue Federal Credit Union and Addison Avenue Federal Credit Union's ("Defendants") Motion for Summary Judgment (Document No. 24). After carefully considering the motion, response, reply, and applicable law, the Court concludes for the reasons that follow that the motion should be granted.

I.  Background

Plaintiff Joe Johnson ("Plaintiff") was employed by Defendants until they terminated his employment on July 13, 2009.[1] The next month Plaintiff filed for bankruptcy in the Southern District of Texas, and six months later his debts were discharged.[2] On

---

[1] Document No. 1 ¶¶ 16, 62.

[2] Document No. 24 at 2.

April 30, 2010, about ten weeks after his discharge from bankruptcy, Plaintiff filed a Charge of Discrimination and Retaliation against Defendants with the Equal Employment Opportunity Commission ("EEOC").[3]  The EEOC subsequently issued a Right to Sue letter, and Plaintiff timely filed this action alleging violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA").[4]  Defendants move for summary judgment.

## II.  Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing

---

[3] Document No. 1 ¶ 12.

[4] Id. ¶¶ 1, 13. Plaintiff contends that he is an individual with a disability as defined by the ADA because he underwent a heart procedure in June 2009. Id. ¶ 78. Plaintiff alleges he was terminated by Defendant due to disability discrimination, in violation of the ADA, because he was terminated less than a month after the heart procedure. Id. ¶¶ 36, 77-84. Plaintiff further alleges he was over 40 years of age and therefore in the ADEA's protected class, that the alleged facts regarding his termination show "Defendant intended to discriminate against Plaintiff on the basis of his age," and that he also was replaced by a younger worker. Id. ¶ 55-63.

a properly-supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's]

3

favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Analysis

Defendants argue that Plaintiff is barred from prosecuting this action by the doctrine of judicial estoppel.[5] On his bankruptcy schedules, Plaintiff was required to list: "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims."[6] Plaintiff answered under oath, "None." Defendants allege that because Plaintiff did not disclose his employment discrimination claims against them during his bankruptcy proceedings, he is estopped from now pursuing those claims.[7]

Summary judgment is appropriate when a claim is estopped under the doctrine of judicial estoppel. *See* Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 599 (5th Cir. 2005). Judicial estoppel is an equitable doctrine, and its determination is subject to the discretion of the court. In re Coastal Plains, Inc., 179 F.3d 197,

---

[5] Document No. 24 at 6.

[6] Document No. 24-2, ex. G at 24.

[7] Document No. 24 at 6.

4

205 (5th Cir 1999). The Fifth Circuit has described the doctrine of judicial estoppel as:

> [A] common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. . . . The purpose of the doctrine is to protect the integrity of the judicial process . . . .
>
> The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment.

Id. at 205-06 (internal quotation marks and citations omitted).

Judicial estoppel applies if (1) the position of the party against whom estoppel is sought is plainly inconsistent with its prior legal position; (2) the court accepted the prior position; and (3) that party did not act inadvertently.[8] Love v. Tyson Foods, Inc., 677 F.3d 258, 261 (5th Cir. 2012). Whether or not judicial estoppel applies is not determined by "'inflexible prerequisites or an exhaustive formula for determining [its] applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" Id.

---

[8] Judicial estoppel is unlike equitable estoppel in that detrimental reliance of the opposing party is not required. *See* Coastal, 179 F.3d at 205. The differing requirements result from the differing purposes of the two doctrines. Id. Judicial estoppel is intended to protect the judicial system, whereas equitable estoppel is intended to protect the litigants. Id.

5

(alteration in original) (quoting N.H. v. Me., 532 U.S. 742, 751 (2001)).

The doctrine of judicial estoppel is "particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." Love, 677 F.3d at 261-62 (quoting Jethroe, 412 F.3d at 600). Moreover, in the context of a bankruptcy proceeding, "the importance of this disclosure duty cannot be overemphasized." Coastal, 179 F.3d at 208. The Bankruptcy Code and Rules impose on the bankruptcy debtor an "express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." Id. at 207-08 (emphasis in original).

The Fifth Circuit imposes on the bankruptcy debtor a broad duty to disclose, stating:

> The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action. . . . The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a "known" cause of action such that it must be disclosed. . . . *Any claim with potential must be disclosed*, even if it is contingent, dependent, or conditional.

Id. at 208 (emphasis in original) (quotation marks and citations omitted) (quoting Youngblood Grp. v. Lufkin Fed. Sav. & Loan Ass'n, 932 F. Supp. 859, 867 (E.D. Tex. 1996)).

6

A.   Inconsistent Positions

The Fifth Circuit has held that inconsistent positions exist where a debtor fails to disclose a potential claim in his bankruptcy schedules or stipulations and subsequently pursues that claim.  *See* Coastal, 179 F.3d at 210.  Plaintiff argues that he has not taken inconsistent positions because he did not file a Charge of Discrimination against Defendants with the EEOC until two months after the conclusion of the bankruptcy proceedings.[9]  Nonetheless, inconsistent positions exist when the facts that give rise to that claim accrue before or during the bankruptcy proceeding, even if the plaintiff does not assert the claim until after the bankruptcy proceeding.  *See* Liddell v. Northrop Grumman Shipbuilding, Inc., No. 1:06CV801-HSO-JMR, 2011 WL 3841383, at *5 (S.D. Miss. 2011) ("This question turns on whether any of Plaintiff's claims asserted in this case had accrued at the crucial time, the time she filed the Chapter 7 bankruptcy Petition."); In re Broussard, 351 B.R. 383, 387 (Bankr. W.D. La. 2006) (finding inconsistent positions and rejecting debtor's argument that he did not know of personal injury claim prior to filing of bankruptcy where debtor was under medical treatment during bankruptcy proceeding but began seeking legal advice immediately after discharge).

---

[9] Document No. 30 at 9-10.

When Plaintiff filed his bankruptcy petition, the basic facts and circumstances giving rise to his employment discrimination claims had already occurred and were known to Plaintiff, namely, that he was over 40 years of age and therefore in ADEA's protected class when he was discharged and that, less than one month before his discharge, he had undergone a heart procedure, following which he returned to work in only three days notwithstanding his physician's advice to take long-term disability or at least a few weeks off work to recover. Plaintiff consulted with his employment discrimination lawyer about his allegedly wrongful termination before he filed his bankruptcy action.[10] But when he filed his bankruptcy schedule, he made no disclosure that he had any present or potential employment discrimination claim. Instead, Plaintiff stated under oath that he had no "other contingent or unliquidated claim[] of [any] nature. . . ." This representation to the bankruptcy court is directly contrary to Plaintiff's current position in this lawsuit. See Liddell, 2011 WL 3841383, at *5 (finding, in 2001 discrimination suit, that plaintiff's claims for discrete acts of discrimination occurring prior to January 21, 1997, were inconsistent with her nondisclosure of those claims in her bankruptcy petition filed on that date).

---

[10] Document No. 30-1, ex. 1 ¶¶ 15-16.

B.  Acceptance by the Bankruptcy Court

The second element of judicial estoppel requires "that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004) (quoting Coastal, 179 F.3d at 206); see Liddell, 2011 WL 3841383, at *7 (holding that the bankruptcy court relied, at least in part, on the debtor's bankruptcy schedules by discharging her debts). It is uncontroverted that the bankruptcy court accepted Plaintiff's prior position, found he had no property or claims, and discharged his debt.[11]

C.  Inadvertence

Inadvertence is shown by proving that the party against whom judicial estoppel is sought "lacks knowledge of the undisclosed claims *or* has no motive for their concealment." Coastal, 179 F.3d at 210 (emphasis in original); see also Jethroe, 412 F.3d at 600-01 ("To establish that her failure to disclose was inadvertent, Jethroe may prove either that she did not know of the inconsistent position or that she had no motive to conceal it from the court.").

Plaintiff contends that his nondisclosure was inadvertent because he was not aware of all the facts surrounding his

---

[11] *See* Document 24-2, ex. I at 47.

termination and was unsure if he had a claim against Defendants.[12] However, as noted above, "[t]he debtor need not know all the facts or even the legal basis for the cause of action" for the duty to disclose to arise. Coastal, 179 F.3d at 208 (quoting Youngblood, 932 F. Supp. at 867). The uncontroverted summary judgment evidence is that Plaintiff actually met with his attorney about his allegedly wrongful termination *before* initiating his bankruptcy proceeding.[13] Moreover, within five days after being terminated Plaintiff had sent an email to Defendant in which he complained about his unfair termination, pointing out that it came shortly after he had taken three days off for heart surgery.[14] This is the exact factual predicate for his present disability discrimination claim. The uncontroverted summary judgment evidence establishes that when Plaintiff commenced his bankruptcy proceeding and filed his schedules, swearing that he had no "contingent and unliquidated claims of [any] nature," he was fully informed of the essential facts and basis for his employment discrimination claims against his former employer.

Plaintiff had reason not to disclose his claims against his employer in order to avoid the use of his recovered damages to pay his unsecured debts. *See* Love, 677 F.3d at 262 (quoting Thompson

---

[12] Document No. 30 at 11.

[13] Document No. 30-1, ex. 1 ¶¶ 15-16.

[14] Document No. 24-1, ex. B at 3.

v. Sanderson Farms, Inc., No. 3:04CV837-WHB-JCS, 2006 U.S. Dist. LEXIS 48409, at *12-13 (S.D. Miss. May 31, 2006)) ("[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court."); Jethroe, 412 F.3d at 601 (finding that the plaintiff was sufficiently motivated to conceal her claims because by doing so, she was not required to pay her unsecured debt of $8,373); *see also* In re Jackson, No. 06-36268, 2012 WL 3071218, at *32 (Bankr. S.D. Tex. July 27, 2012) ("[T]his Court sees no logical reason why the very high bar that the Fifth Circuit has established in *Love* for debtors to prove that they had no motive to conceal a cause of action should be any lower when debtors are attempting to prove that they had no motive to conceal any other type of asset. . . .").

Moreover, during the six months that his bankruptcy proceeding was pending, Plaintiff never amended his Schedule to disclose his employment discrimination claims against his employer, but after receiving his discharge from bankruptcy, he proceeded within a matter of weeks to file those claims in the EEOC. The elements of judicial estoppel are fully established in the summary judgment evidence, and Plaintiff is judicially estopped from seeking recovery on those claims.

IV. <u>Order</u>

Based on the foregoing, it is

ORDERED that Defendants First Technology Federal Credit Union d/b/a Addison Avenue Federal Credit Union and Addison Avenue Federal Credit Union's Motion for Summary Judgment (Document No. 24) is GRANTED, and Plaintiff Joe Johnson's claims against Defendants are DISMISSED on the merits.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 18th day of July, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE